UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In RE:  Leroy and Thomasine White as Personal Representatives
of the Estate of Kellen Anthony White 12000 Wardell Way
Brandywine, Maryland 20613

      v.                              Civil Action Number:

The United States of America 950 Pa. Ave NW WDC 20530
United States Capitol Police; 119 D ST NE WDC 20002-5613
Defendant Richard Roe and
Other Unnamed Police Officers of the United States Capitol Police Department
Killed:  Kellen Anthony White                            *

**COMPLAINT FOR DAMAGES**
(*Wrongful Death and Civil Rights Violations Under Color of Law*)

**Introduction**

1. This is an action for money damages brought pursuant to 42 U.S.C.§§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the United States of America and the District of Columbia, against Richard Roe, and other unnamed and unknown police officers of the Capitol Police Department, in his and each other individual police officers individual capacity.  Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under the state law.

2. It is alleged that Defendant Roe and other unnamed officers employed by the United States Capitol Police, shot and killed Kellen Anthony White, without legal cause or excuse, made an unreasonable seizure of the person of Kellen Anthony White, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

**Parties**

1

3. Kellen Anthony White was at all material times a resident of Ft. Washington, Maryland and at the time of his death, Twenty-Seven (27) years old.

4. The plaintiffs, Leroy and Thomasine White, are co-personal representatives of the Estate of Kellen Anthony White.  Letters of Administration were granted to both by the Register of Wills, Circuit Court for Prince Georges County Maryland, Probate Division on January 15, 2010.  They are both residents of Brandywine, Maryland and the parents of Kellen Anthony White.

5. Defendant Roe and other unnamed police officers were at all times relevant to this complaint duly appointed and acting officers of the United States Capitol Police, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the United States of America and the District of Columbia.

6. The United States of America and the United States Capitol Police are federal corporate agencies and the public employer of the each officer.

7. On or about July 15, 2009, at approximately 5:15 P.M., Kellen Anthony White was operating a white 1999 Mercedes Benz E320 in the 400 block of Second Street Northeast in the District of Columbia.  An alleged traffic stop was initiated purportedly due to a "fake" temporary tag mounted and properly displayed on the vehicle.

8. On plaintiffs' best belief and knowledge, Kellen Anthony White complied with the commands of the officer initiating the stop within the limits of his control.  As the vehicle Mr. White was operating left the stop, it was pursued and immediately chased by several Capitol Hill Police officers, including Defendant Roe and other unnamed police officers.

9. During the traffic stop, there were no weapons drawn by Kellen Anthony White and there was nothing to cause any officer interacting with Kellen Anthony White to fear for his safety or the safety of others.

10. At no time relevant to this lawsuit did Kellen Anthony White present a threat to Officer Roe, or any of the unnamed police officers party to this lawsuit of to any civilian.

11. When the vehicle in which Mr. White was travelling came to rest, Defendant Roe and other unnamed police officers shot and killed Kellen Anthony White in a hail of approximately twelve or more bullets.

12. The shooting was excessive and occurred without the force of law, justification or cause.

13. Shortly thereafter, Kellen Anthony White was transported to the Washington Hospital Center where he was pronounced dead.  The manner of death is homicide.

14. Kellen Anthony White did not die immediately, but was conscious for approximately one hour and in great pain and suffering from his injuries.

15. Kellen Anthony White died at approximately 6:00 P.M. at the Washington Hospital Center.

16. At no time during the events described above, was Kellen Anthony White armed with any weapon, nor was he a threat to the safety of himself or others.  He had not committed any criminal offenses.

17. The Defendant Roe and other unnamed police officers had no warrant for the arrest of the plaintiffs' decedent, no probable cause for his arrest nor any legal cause or excuse to seize the person of the plaintiffs' decedent.

18. As a direct and proximate result of the said acts of the defendant Officers, Kellen Anthony White suffered the following injuries and damages:

    a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

    b. Loss of his life;

    c. Physical pain and suffering and emotional trauma and suffering, requiring the expenditure of money for treatment.

19. The plaintiffs have suffered the untimely end of their parental relationship with their third (out of four) sons and his protection, care, assistance, society, companionship, comfort, guidance, counsel and advice.  In addition, they have been forced to bury their child and consequently, to incur funeral and burial expenses.

20. In addition, the decedent, Kellen Anthony White was the Father to a minor child, Halo Stephanie Michelle White, born June 13, 2009.  Halo has lost her Father, his protection, care, assistance, society, companionship, comfort, guidance, counsel and advice.

21. The actions of the Defendant Roe and other unnamed police officers violated the following clearly established and well settled federal constitutional rights of Kellen Anthony White:

    a. Freedom from the unreasonable seizure of his person;

    b. Freedom from the use of excessive, unreasonable and unjustified force against his person.

## COUNT I

### 42 U.S.C. § 1983-Wrongful Death

22. Paragraphs 1 through 20 are incorporated herein by reference as though fully set forth.

23. Plaintiffs' claim damages for the wrongful death of Kellen Anthony White and for their loss of his income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice, and for funeral and burial expenses under 42 U.S.C. § 1983 and the District of Columbia Wrongful Death Statutes.

## COUNT II

### 42 U.S.C. § 1983-Survival Action

24. Paragraphs 1 through 22 are incorporated herein by reference as though fully set forth.

25. Kellen Anthony White was forced to endure great conscious pain and suffering, and to be attended by physicians and to incur expenses for such medical treatment, before his death.

4

26. Kellen Anthony White filed no action during his lifetime, but under the laws of the United States of America and the District of Columbia this action survives and may be asserted by his Estate.

27. Plaintiffs Leroy and Thomasine White claim damages for conscious pain and suffering and necessary medical expenses incurred by Kellen Anthony White, under 42 U.S.C.§ 1983.

### COUNT III

### Assault and Battery-Wrongful Death

28. Paragraphs 1 through 26 are incorporated herein by reference as though fully set forth.

29. Defendant Roe and other unnamed police officers and the other unnamed police officers assaulted and battered Kellen Anthony White.

30. Plaintiffs Leroy and Thomasine White claim damages for the wrongful death of Kellen Anthony White and for his loss of his income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice, and for funeral and burial expenses under the common law of District of Columbia and the State of Maryland and the United States of America and the District of Columbia Wrongful Death Statutes.

### COUNT IV

### Assault and Battery-Survival Action

31. Paragraphs 1 through 29 are incorporated herein by reference as though fully set forth.

32. Defendant Roe and other unnamed police officers assaulted and battered Kellen Anthony White.

33. Kellen Anthony White was forced to endure great conscious pain and suffering, and to be attended by physicians and to incur expenses for such medical treatment, before his death.

34. Kellen Anthony White filed no action during his lifetime, but under the laws of the United States of America and the District of Columbia this action survives and may be asserted by his Estate.

5

35. The plaintiffs, Leroy and Thomasine White claim damages for the conscious pain and suffering and necessary medical expenses incurred by Kellen Anthony White, under the laws of the United States of America and the District of Columbia.

WHEREFORE, the plaintiff requests that this Court:

a. Award compensatory damages to plaintiff against the defendant in the amount of Fifty Million Dollars ($50,000,000).

b. Award cost of this action to the plaintiff;

c. Award reasonable attorney's fees and costs to the plaintiff on Counts I and II of the complaint;

d. Award such other and further relief as this Court may deem appropriate.

The plaintiff hereby demands a jury trial.

Respectfully Submitted:

*Janai C. Reed /s/*
Janai C. Reed  Bar No. 420259
717 D Street Northwest
Suite 300
Washington DC 20004
(202) 506-2725 (202) 506-2726 (Fax)
Cell: (202) 262-5831
Email Address: janaireed573@comcast.net
Attorney for Leroy and Thomasine White, Plaintiffs

6