# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

LEROY AND THOMASINE WHITE as
Personal Representatives of the Estate of
Kellen Anthony White,

    Plaintiffs,

    v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

Civil Action No. 10-01477 (JDB)

## MEMORANDUM OPINION

This case arises from the unfortunate death of Kellen Anthony White, who was shot and killed by United States Capitol Police ("USCP") Officers Richard Greenwell and Matthew Shelfo. White's parents, Leroy and Thomasine White ("plaintiffs"), now seek leave to file a second amended complaint in which they request damages under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), 42 U.S.C. § 1985(3), and the Federal Tort Claims Act ("FTCA"). Plaintiffs assert claims under these theories against the USCP, USCP Chief Morse, USCP Officers Greenwell and Shelfo, several unidentified USCP officers, the United States, the District of Columbia Metropolitan Police Department ("MPD"), MPD Chief Lanier, and several unidentified MPD officers. The federal defendants "do not object to the proposed Bivens claims against [USCP] Officers Greenwell and Shelfo, or the proposed tort claims against the United States." Defs.' Partial Opp'n to Pls.' Second Mot. for Leave to Amend. Compl. ("Defs.' Mot.") [Docket Entry 12] at 1. However, they do object to plaintiffs' "proposed Bivens and 1985(3) claims against proposed defendant Morse and the USCP, and the proposed

-1-

1985(3) claims against the other Federal Defendants." Id. at 2. For the reasons detailed below, the Court will grant in part and deny in part plaintiffs' motion for leave to file a second amended complaint.

## BACKGROUND

On July 15, 2009, around 5:15 p.m., Kellen Anthony White was driving in the 400 block of Second Street Northeast in the District of Columbia. Second Am. Compl. [Docket Entry 10] ¶ 22. Plaintiffs allege that an officer attempted to stop White due to a problem with his vehicle's tags. Id. ¶ 23. According to plaintiffs, White complied with the stop. Id. ¶ 24. As he drove away from the stop, however, White was "immediately chased by several USCP officers, including Defendants Greenwell [and] Shelfo." Id. ¶ 21. When White's "vehicle came to rest, . . . White exited the vehicle through the driver's side front window [and] Defendants Greenwell, Shelfo, and Unidentified Officers shot and killed [him], in a hail of approximately twelve or more bullets." Id. ¶ 22. White was taken to Washington Hospital Center where he died at approximately 6:00 p.m. Id. ¶ 31.

In their proposed second amended complaint, plaintiffs seek damages through the following counts: (I) under Bivens, from USCP Officers Greenwell and Shelfo and several unidentified officers for their alleged use of excessive force; (II) under Bivens, from the USCP, USCP Chief Morse, USCP Officers Greenwell and Shelfo ("all named USCP defendants"), and several unidentified officers for unreasonable seizure of White; (III) under both Bivens and § 1985(3), from all named USCP defendants and several unidentified officers for conspiring to deprive White of his constitutional rights by shooting him and falsely claiming that he was armed; (IV) under both Bivens and § 1985(3) from all named USCP defendants and several

unidentified officers for conspiring to engage in a pattern and practice of racial discrimination; (V) under § 1985(3), from all named USCP defendants, the MPD, MPD Chief Lanier, and several unidentified officers, for defamation by falsely claiming White brandished a gun; (VI) under the FTCA, from the United States, for White's pain, suffering, and medical expenses; (VII) under the FTCA, from the United States, for White's wrongful death; and (VIII) under the FTCA, from the United States, for the assault and battery of White.

Again, defendants "do not object to the proposed Bivens claims against [USCP] Officers Greenwell and Shelfo, or the proposed tort claims against the United States." Defs.' Mot. 1. Accordingly, there are no objections to Counts I and II as against USCP officers Greenwell and Shelfo, and Counts VI, VII, and VIII against the United States. The USCP and USCP Chief Morse, however, contend that there is no subject matter jurisdiction for the claims against them (Counts II–V) because they are barred by sovereign immunity. Additionally, USCP Officers Greenwell and Shelfo object to the § 1985(3) conspiracy claims against them (Counts III–V) as futile because they do not allege sufficient facts to state a claim of conspiracy.[1]

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) instructs courts to "freely give" leave to amend a complaint "when justice so requires." "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim

---

[1] The USCP filed a motion to dismiss it as a defendant following plaintiffs' first amended complaint, which asserted claims against the USCP based solely on the FTCA. USCP Mot. to Dismiss [Docket Entry 7]. Plaintiffs' proposed second amended complaint no longer includes any FTCA claim against the USCP. Thus, in partially granting plaintiffs' motion for leave to file their second amended complaint, the Court need not rule on USCP's motion to dismiss as it is no longer responsive to plaintiffs' claims. Moreover, the Court is not allowing plaintiffs to include the USCP in any new claims in their second amended complaint.

on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962). A court may, however, "deny a motion to amend on grounds of futility where the proposed pleading would not survive a motion to dismiss." Nat'l Wrestling Coaches Ass'n v. Dep't of Educ., 366 F.3d 930, 945 (D.C. Cir. 2004); see also Foman, 371 U.S. at 182. The Court therefore must assess whether plaintiffs' claims in their proposed second amended complaint would survive a motion to dismiss for lack of subject-matter jurisdiction or for failure to state a claim.

Under Fed. R. Civ. P. 12(b)(1), "the plaintiff bears the burden of establishing that the court has jurisdiction." Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). A court must accept as true all the factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), and the plaintiff should receive the benefit of all favorable inferences that can be drawn from the alleged facts. See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164, (1993); EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-25 n.3 (D.C. Cir. 1997). However, "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the allegations set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

With respect to a motion to dismiss for failure to state a claim, all that the Federal Rules of Civil Procedure require of a complaint is that it contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although "detailed

factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555-56. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. This amounts to a "two-pronged approach" under which a court first identifies the factual allegations entitled to an assumption of truth and then determines "whether they plausibly give rise to an entitlement to relief." Id. at 1950-51.

The notice pleading rules are not meant to impose a great burden on a plaintiff. See Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512-13 (2002). When the sufficiency of a complaint is challenged by a motion to dismiss under Rule 12(b)(6), the plaintiff's factual allegations must be presumed true and should be liberally construed in his or her favor. See Leatherman, 507 U.S. at 164; Phillips v. Bureau of Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Twombly, 550 U.S. at 555-56). The plaintiff must be given every favorable inference that may be drawn from the allegations of fact. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000). However, "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." Kowal, 16 F.3d at 1276. Nor need the court accept "a legal conclusion

couched as a factual allegation," or a "naked assertion[] [of unlawful misconduct] devoid of further factual enhancement." Iqbal, 129 S. Ct. at 1949-50 (internal quotation marks omitted).

## DISCUSSION

Because defendants "do not object to the proposed Bivens claims against [USCP] Officers Greenwell and Shelfo, or the proposed tort claims against the United States," Defs.' Mot. 1, the only issues remaining before the Court are 1) whether sovereign immunity precludes this Court from exercising subject-matter jurisdiction over plaintiffs' claims against the USCP and USCP Chief Morse and 2) whether plaintiffs have plead sufficient facts to state a claim under § 1985(3). The Court will address each of these issues in turn.

**I. USCP's and USCP Chief Morse's Assertion of Sovereign Immunity**

Defendants USCP and USCP Chief Morse contend that the doctrine of sovereign immunity bars plaintiffs' Bivens and § 1985(3) claims against them. Sovereign immunity is a jurisdictional issue. Brown v. Sec'y of Army, 78 F.3d 645, 648 (D.C. Cir. 1996). The doctrine "bars all suits against the United States, its agencies, and federal employees in their official capacities, except where there has been a statutory waiver of immunity." Fletcher v. Dist. of Columbia, 481 F. Supp. 2d 156, 161 (D.D.C. 2007). "[I]t is well settled that Congress has not waived immunity for suits seeking monetary damages that arise under the Constitution." Scinto v. Fed. Bureau of Prisons, 608 F. Supp. 2d 4, 9 (D.D.C. 2009) (dismissing Bivens action against federal agency for lack of jurisdiction on the basis of sovereign immunity) (internal citations omitted). Similarly, § 1985(3) does not "waive the United States' sovereign immunity." Dye v. United States, 516 F. Supp. 2d 61, 71 (D.D.C. 2007); see Hohri v. United States, 782 F.2d 227, 245 n.43 (D.C. Cir. 1986) (holding that provisions of § 1985, "by their terms, do not apply to

actions against the United States"). Moreover, because plaintiffs seek to sue USCP Chief Morse only "in his official capacity," Second Amend. Compl. ¶ 14, he, too, is entitled to sovereign immunity. As in suits against agencies, sovereign immunity "bar[s] suits for money damages against officials in their official capacity absent a specific waiver by the government." Clark v. Library of Cong., 750 F.2d 89, 103 (D.C. Cir. 1984). Because the United States has not waived its sovereign immunity with regards to Bivens or § 1985(3) claims, the Court will deny plaintiffs' motion to amend insofar as plaintiffs' proposed second amended complaint attempts to raise such claims against the USCP and USCP Chief Morse.

**II. Section 1985(3) Claims**

In Counts III, IV, and V, plaintiffs contend that USCP Officers Shelfo and Greenwell conspired to violate White's constitutional rights. In Counts III and IV, plaintiffs allege, under both § 1985(3) and Bivens, that defendants conspired to deprive White of his constitutional rights and conspired to engage in a pattern and practice of racial discrimination. And in Count V, plaintiffs allege that USCP officers Shelfo and Greenwell, in addition to the MPD, defamed White by falsely claiming that he possessed a gun.

In order to state a claim under § 1985(3), a defendant must allege:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, . . . and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in her person or property or deprived of any right or privilege of a citizen of the United States.

Atherton v. D.C. Office of Mayor, 567 F.3d 672, 688 (D.C. Cir. 2009). Plaintiffs fail at the very first step in each of these counts because they do not allege any "facts to support an agreement . . . between the defendants to violate [White's] rights." Bush v. Butler, 521 F. Supp. 2d 63, 68

(D.D.C. 2007); see also Brady v. Livingood, 360 F. Supp. 2d 94, 104 (D.D.C. 2004) (dismissing claim where plaintiff merely alleged that his former employer "colluded" with the Department of Education to keep him underemployed, without putting forth "any facts showing the existence or establishment of an agreement"); Estate of Phillips v. Dist. of Columbia, 257 F. Supp. 2d 69, 83 (D.D.C. 2003), rev'd in part on other grounds, 455 F.3d 397 (D.C. Cir. 2006) (dismissing conspiracy claim where plaintiffs failed to specify how the defendants "acted in concert"). The fact that plaintiffs allege these conspiracy claims in Counts III and IV under Bivens, in addition to § 1985(3), does not cure this deficiency. Plaintiffs clearly state that these Bivens claims are based upon a conspiracy, and yet they fail to allege any facts showing that there ever was any agreement.

### A. Count III

"To survive a motion to dismiss a Section 1985 claim, plaintiff must set forth more than conclusory allegations of an agreement." Bush v. Butler, 521 F. Supp. 2d at 68; cf. Twombly, 550 U.S. at 557 ("[A] conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality."). Here, however, plaintiffs offer only the conclusory allegation that defendants "conspired to deprive" White of his rights "by shooting him to death and claiming that he was armed when he was not." Second Am. Compl. ¶ 67. That defendants shot White and falsely claimed he was armed would not show any agreement between the defendants. Nor does the bald allegation that a "conspiracy agreement" can be "implied through Defendant USCP's pattern and practice of depriving African Americans of their constitutional rights through the unreasonable use of excessive force and/or unlawful deadly force." Id. ¶ 68.

Rather than alleging any actual agreement at a particular time, plaintiffs only point to

facts which are "merely consistent with" a conspiracy. Twombly, 550 U.S. at 557. These alleged facts, however, "could just as well be" the result of "independent action," absent any agreement between defendants. Id. Specifically, plaintiffs fail to "allege the existence of any events, conversations, or documents indicating there was an agreement between the defendants to violate [White's] rights." Bush v. Butler, 521 F. Supp. 2d at 68.

**B. Count IV**

Count IV similarly fails to point to any actual agreement. Plaintiffs assert that defendants "engaged in a conspiracy to permit a pattern" of depriving African Americans of their rights. Second Am. Compl. ¶ 71. To support this "conclusory allegation" of conspiracy, plaintiffs again offer allegations that are "merely consistent with" a conspiracy. Twombly, 550 U.S. at 557. They allege that defendants conspired by "discriminating within [the USCP's] ranks," "failing to train its officers," and "failing to take remedial action." Second Am. Compl. ¶ 71. These are all issues internal to the USCP generally. And while such problems may be attributable to a conspiracy, plaintiffs do not place these allegations "in a context that raises a suggestion of a preceding agreement" among the defendants in this action. Twombly, 550 U.S. at 557.

Plaintiffs further allege that "[d]efendants USCP and Morse engaged in a conspiracy with Defendants Greenwell, Shelfo and Unidentified Officers by establishing and condoning a pattern and practice of depriving African Americans of their constitutional rights." Second Am. Compl. ¶ 71. From this broad allegation, it is difficult to discern whether plaintiffs mean that USCP Officers Greenwell and Shelfo also conspired to "establish[] and condon[e]" this pattern or merely that the USCP and its Chief are also generally involved in violating White's rights by "establishing and condoning" this pattern. Id. Nevertheless, the allegation is merely "a

-9-

conclusory allegation of agreement at some unidentified point." Twombly, 550 U.S. at 557. Plaintiffs fail "[t]o state sufficient facts to support an agreement" because they do not "allege the existence of any events, conversations, or documents indicating there was an agreement." Bush v. Butler, 521 F. Supp. 2d at 68.

### C. Count V

In Count V, plaintiffs allege a "conspiracy to defame Kellen Anthony White" under § 1985(3). According to plaintiffs, defendants "conspired to cover-up the fact that Mr. White was shot to death without cause by libelously claiming that Mr. White possessed a gun." Second Am. Compl. ¶ 74. Plaintiffs, however, do not provide any facts to support the existence of an agreement to defame or libel White. Rather, plaintiffs' only support for this allegation is alleged internal discrimination within the USCP. Second Am. Compl. ¶¶ 76–79. Such internal discrimination, however, is irrelevant to any alleged conspiracy to discriminate against outside parties, such as White.[2] Moreover, even if plaintiffs were to allege sufficient facts of conspiracy in this Count, defamation is not actionable under § 1985(3). Section 1985(3) requires a conspiracy "for the purpose of depriving, either directly or indirectly, any person . . . of the equal protection of the laws." Plaintiffs do not maintain, and the Court does not know of, any theory under which an individual is constitutionally protected against defamation.

### CONCLUSION

For the reasons explained above, the Court will grant plaintiffs' motion for leave to file

---

[2] In plaintiffs' proposed second amended complaint, they only assert a claim against the MPD and MPD Chief Lanier in Count V. Thus, in denying plaintiffs' motion for leave to amend their complaint as to proposed Count V, the Court is not allowing them to assert any claims against the MPD or MPD Chief Lanier.

their proposed second amended complaint, except as to Counts III, IV, and V and the portion of Count II naming the USCP and USCP Chief Morse as defendants. A separate Order accompanies this Memorandum Opinion.

/s/
JOHN D. BATES
United States District Judge

Dated: June 14, 2011